UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MOHAMMED ZAKRA SHERZOIE
A029-833-865
        Plaintiffs,

- against -                              Civ. No. _____

**JOHN KERRY**, Secretary of State of the United     **COMPLAINT**
States; **JEH JOHNSON**, Secretary of the United
States Department of Homeland Security, United States
Citizenship and Immigration Services;
**LEON RODRIGUEZ**, Director of the
United States Department of Homeland Security,
United States Citizenship and Immigration Services;
**PHYLLIS COVEN**, New York District Director of the
United States Citizenship and Immigration Services;
and the **UNITED STATES CITIZENSHIP and
IMMIGRATION SERVICES**

        Defendants.
------------------------------------------------------------X

    Plaintiff, Mohammed Zakra SHERZOIE, through his attorneys, BRETZ & COVEN, LLP, hereby allege, upon information and belief, as follows:

### I. INTRODUCTION

    1.    This is a civil action brought by the Plaintiff to compel the Defendants of the United States Department of Homeland Security ("DHS"), United States Citizenship and Immigration Services ("USCIS"), and those acting under it, to take action on the I-485 application for adjustment of status ("I-485") initially filed with USCIS in 2006. The Defendants and those acting under it have failed to timely adjudicate the Plaintiff's I-485 as it has been more than nine (9) years without a final decision being rendered on the application. This action is to

compel the DHS, USCIS to take action by scheduling an additional interview or adjudicating the Plaintiffs' I-485 that has been unreasonably delayed.

## II. JURISDICTION

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal subject matter jurisdiction).  Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  The Court has jurisdiction under 28 U.S.C. § 1331, because this action arises under the Administrative Procedure Act ("APA") (5 U.S.C. § 555(b)), the INA and regulations implementing it (Title 8 of the Code of Federal Regulations ("C.F.R.")).  In addition, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this action arises under 28 U.S.C. § 2201, and seeks a declaration of the rights of the Plaintiff.

3.      This Court has jurisdiction over this action under the Administrative Procedure Act ("APA").  The APA requires the USCIS to carry out its duties within a reasonable time.  The provision of the APA that provides this is 5 U.S.C. § 555(b), which states that "(w)ith due regard for the convenience and necessity of the parties or her representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  The DHS, USCIS is subject to 5 U.S.C. §555(b).  In addition, the APA authorizes district courts to review any federal administrative action which "adversely affects or aggrieves" an individual.  5 U.S.C. § 702.  The APA empowers district courts to compel agency action unreasonably delayed.  See 5 U.S.C. § 706.  The DHS as an administrative agency, is subject to both 5 U.S.C. § 702 and 5 U.S.C. § 706.  Plaintiff contends that he has been "aggrieved" by the Defendants' unreasonable delay in the adjudication of his I-485.

4. This Court also has jurisdiction under 28 U.S.C. § 1361, which states that "(t)he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Both the regulations and the INA provide numerous examples of duties owed by the USCIS in the adjustment of status process. INA § 103, 8 U.S.C. § 1103, states that "(t)he Secretary of Homeland Security *shall* be charged with the administration and enforcement of this Act and all other laws relating to the immigration and naturalization of aliens." (Emphasis added.) 8 C.F.R. 103.2(b)(18) prescribes the timing and manner in which a district director may withhold adjudication of a visa petition stating that:

> "[i]f an investigation has been undertaken and has not been completed within one year of its inception, the district director shall review the matter and determine whether adjudication of the petition or application should be held in abeyance for six months or until the investigation is completed, whichever comes sooner."

Under 8 C.F.R. 103.2(b)(18), if after one year and six months has elapsed withholding adjudication because the investigation has not been completed the matter "shall be reviewed again" with continual review every six months thereafter to determine whether it is necessary to continue withholding adjudication.

The Code of Federal Regulations further provide that "(e)ach applicant for adjustment of status under this part *shall* be interviewed by an immigration officer," 8 C.F.R. § 245.6 (emphasis added); and, that "the applicant *shall* be notified of the decision of the director, and, if the application is denied, the reasons for the denial," 8 C.F.R. § 245.2(a)(5)(i). (Emphasis added.) The language of the statute and aforementioned regulations is mandatory, not

-3-

discretionary, and requires the Defendants to schedule an interview for the Plaintiff and adjudicate his adjustment of status application.

### III.  VENUE

5.      Venue of this action is proper under 28 U.S.C. § 1391(e)(3).  Plaintiff is filing the Complaint in the district where he resides.

### IV. PARTIES

6.      Plaintiff, Mohammed Zakra Sherzoie, is a native and citizen of Afghanistan. In 2006, Mr. Sherzoie filed for adjustment of status pursuant to INA § 209. On December 13, 2013, USCIS interviewed Mr. Sherzoie regarding his I-485. To date, no decision has been made on the application. Furthermore, USCIS has not provided the plaintiff or his attorneys with any information regarding the status of the application.

7.      Defendant John Kerry is sued in his official capacity.  He is charged with the duty of administration and enforcement of all the functions of the Department of State.

8.      Defendant Jed Johnson is sued in his official capacity.  He is charged with the duty of administration and enforcement of all the functions of the DHS.

9.      Defendant Leon Rodriguez is sued in his official capacity.  He is the Director of the DHS, USCIS.  As such he is charged with the duty of administration and enforcement of all the functions, powers, and duties of the USCIS.

10.     Defendant Phyllis Coven is sued in her official capacity.  She is the New York District Director of USCIS.  As such, she is the DHS's designate for the New York District, charged with the duty of administration and enforcement of all the functions, powers, and duties of the USCIS local office.

11. Defendant USCIS is the agency within the Department of Homeland Security charged with adjudicating applications for adjustment of status.

## V. EXHAUSTION

12. Plaintiff has exhausted all of his administrative remedies. The Plaintiff, through counsel as fully detailed below, has contacted USCIS as recently as August 20, 2015 and has not received any response regarding his pending I-485 application. Since Plaintiff cannot compel the DHS, USCIS to take action on his stalled I-485 other than through the instant action, there are no further remedies for him to exhaust.

## VI. FACTS

13. Plaintiff is a citizen of Afghanistan who arrived to the United States on May 12, 1991.

14. Upon arrival he was placed in Exclusion Proceedings and charged as being excludable pursuant to INA Section 212(a)(20) (no valid immigrant visa) and INA Section 212(a)(26) (no valid nonimmigrant visa).

15. While in exclusion proceedings, Plaintiff filed an I-589 application for Asylum under INA Section 208 and Withholding of Deportation under INA Section 243(h).

16. In a decision dated March 9, 1993, the Immigration Judge found Plaintiff excludable under the listed sections of the INA. The Immigration Judge granted Plaintiff's application for withholding of deportation to Afghanistan, but denied his application for asylum and his application for withholding to Pakistan. The Plaintiff appealed the Immigration Judge's denial of his asylum application.

17. On September 11, 1997, the Board of Immigration Appeals reversed the Immigration Judge's decision and granted Plaintiff's asylum application pursuant to section 208 of the INA.

18. On or around December 28, 1998, Plaintiff filed form I-485, Application to Register Permanent Resident or for Adjustment of Status, with the U.S. Citizenship and Immigration Service. It is unknown whether USCIS adjudicated that application. In 2006, Plaintiff re-filed a Form I-485, Application to Register for Permanent Resident or Adjustment of Status.

19. Plaintiff is eligible for adjustment of status pursuant to INA § 209 of the INA because he was granted asylee status more than a year before the filing of his application.

20. On December 13, 2013, 8 years after the application was filed, Plaintiff was interviewed by USCIS.

21. On February 28, 2014, Plaintiff received a notice indicating that he had to attend a second interview on April 7, 2014.

22. On April 1, 2014, Plaintiff received a notice from USCIS indicating that his interview scheduled for April 7, 2014, was being rescheduled and that he would be advised by mail within 90 days as to the date of the new interview.

23. On August 20, 2015, Plaintiff wrote to Defendants' requesting that his application be adjudicated. To date, Plaintiff's application remains pending even though it was filed over nine (9) years ago. The Plaintiff's application should have been adjudicated per the USCIS processing time information.

24. The DHS, USCIS has not provided the Plaintiff an estimate of time it will take to make a decision, or an estimate of time it intends to withhold adjudication of the I-485 adjustment application in contravention of 8 C.F.R. 103.2(b)(18). The USCIS has not provided the Plaintiff with any information of how far along it is, or if any progress has been made in its adjudication process. In the totality of the USCIS's failures it is evident that the USCIS has unreasonably and without explanation placed the Plaintiff's I-485 on an indefinite hold leaving him in administrative limbo.

## VII. CAUSE OF ACTION

### COUNT ONE

(Unreasonable Delay in Adjudication of Adjustment of Status Application)

25. The allegations contained in paragraphs 1 through 24 above are repeated and re-alleged as though fully set forth herein.

26. The Plaintiff has complied with all of the requirements for seeking adjustment of status.

27. The Defendants have unreasonably delayed the adjudication of the Plaintiff's application for adjustment of status.

28. The Defendants have failed to provide a reasonable explanation or any evidence for its indefinite hold of the Plaintiff's adjustment of status applications.

29. The unreasonable delay in adjudicating these applications is not attributable to the Plaintiff.

30. The Defendants owe the Plaintiffs a duty to schedule an interview and to adjudicate the adjustment of status applications which they have unreasonably failed to do. This

duty is owed under the USCIS regulations, as well as by the fact that by charging a processing fee the USCIS creates an obligation to adjudicate the application.

31. The delay is unreasonable in light of USCIS's estimated processing times.

32. The delay is unreasonable in light of the fact that the Defendants have been unable to adequately respond to any of the Plaintiff's inquiries regarding the adjustment of status applications.

33. By making inquiries regarding the status of the adjustment application, the Plaintiff has exhausted any administrative remedies that may exist. No other remedy exists to resolve Defendants' delay and failure to adjudicate the application for adjustment of status.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays this Honorable Court to grant the following relief:

(1) Issue an Order compelling the Defendants to schedule an adjustment of status interview;

(2) Issue an Order compelling the Defendants and those acting under them to perform their duty to render a decision on their applications for adjustment of status;

(3) Grant attorney's fees and costs of court;

(4) Grant any other and further relief that this Honorable Court may deem just and proper.

Dated: New York, New York
October 28, 2015

        Respectfully submitted,
        BRETZ & COVEN, LLP
        305 Broadway, Suite 100
        New York, NY 10007
        (212) 267-2555

        <u>/s/Eileen Collins Bretz</u>
        Eileen Collins Bretz
        (ECB 7969)
        Attorney for the Plaintiff

## **VERIFICATION**

Eileen Collins Bretz, under penalty of perjury, states the following:

      1.    That I am an attorney admitted to practice before this Court.  I am employed at Bretz and Coven, LLP, the attorney for the Plaintiff in the foregoing Complaint.

      2.    I affirm the truth of the contents of the foregoing Complaint upon information and belief.  The sources of my information and belief are documents provided to me by, and conversations with, the Plaintiff.


Dated: New York, NY
October 28, 2015

                                                               /s/Eileen Collins Bretz
                                                              Eileen Collins Bretz
                                                               (ECB 7969)
                                                               Attorney for the Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MOHAMMED ZAKRA SHERZOIE
A029-833-865
                Plaintiffs,

  - against -                              Civ. No. _____


**JOHN KERRY**, Secretary of State of the United      **COMPLAINT**
States; **JEH JOHNSON**, Secretary of the United
States Department of Homeland Security, United States
Citizenship and Immigration Services;
**LEON RODRIGUEZ**, Director of the
United States Department of Homeland Security,
United States Citizenship and Immigration Services;
**PHYLLIS COVEN**, New York District Director of the
United States Citizenship and Immigration Services;
and the **UNITED STATES CITIZENSHIP and
IMMIGRATION SERVICES**

                **Defendants.**
---------------------------------------------------------------X

_____

**COMPLAINT**
_____




_____

**Eileen Collins Bretz(ECB 7969)**
**Bretz & Coven, LLP**
**Attorneys for the Petitioner**
**305 Broadway, Suite 100**
**New York, NY 10007**
**Phone: (212) 267-2555**
**Fax: (212) 267-2129**

_____